

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 20, 1957

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas.

OPINION NO. WW-71

RE: Occupation tax to be
levied on carnivals under
Article 7047, Subdivision
25(b) and Article 7047,
Subdivision 37, Vernon's
Civil Statutes.

Dear Mr. Calvert:

You request the opinion of this office as to whether stationary amusement parks now operating in many cities throughout the State should be taxed as carnivals as provided in Article 7047, Subdivision 25(b), Vernon's Civil Statutes, or under Article 7047, Subdivision 37, V.C.S., which levies a tax on persons keeping or using for profit hobby horses or other similar devices, whether designated by name or not.

You advise us that the definition of carnival adopted by you is as follows: "A carnival is a collection of shows, exhibitions, riding devices, etc., collected and operated as a whole under one management."

No tax is levied by Article 7047, V. C. S., or any subdivision thereof, against stationary amusement parks as such, but a tax is levied against carnivals. If we accept your definition of a carnival literally, a stationary amusement park could reasonably fall within it. But we do not believe that it was the intention of the Legislature to tax stationary amusement parks, operated as they are today, as carnivals. There are no reported cases which have come under our observation which lead us to a definite conclusion as to the distinction between a stationary amusement park and a carnival; yet, we think there is a distinction. In the case of Veterans Foreign Wars, Ledbetter-McReynolds Post No. 3015 v. Hull, et al, 188 P. 2d, 334 (Sup. Ct. of New Mex., 1947), the Court said:

"The term carnival has an extended significa-
tion, and comprehends a variety of amusements.
As defined by Webster's New International Dic-
tionary, Second Edition, it means, 'an amuse-
ment enterprise consisting of sideshows, vaude-

ville, games of chance, merry-go-rounds, etc.,
also an association for conducting such an
enterprise . . . ."

It may be admitted that Webster's definition of a carnival is
broad enough to cover exhibitions and devices of every kind and
character from which an amusement is derived; yet it can by no
means be said that the terms "carnival" and "stationary amusement
park" are synonymous or can be used as convertible terms.  They
may be arranged under the term "amusement" but differ from each
other as one species differs from another of the same genus.  A
carnival lacks the characteristic of permanency and stability
which a stationary amusement park possesses.  Neither does the
stationary amusement park, as its operation is generally under-
stood by the public, have sideshows, vaudeville, or games of
chance, all of which are common to carnivals.

Moreover, we think that stationary amusement parks, as they
are operated in this State and as generally understood by the pub-
lic, have more to do with the entertainment and amusement of child-
ren;  whereas, a carnival, as generally understood, embraces enter-
tainment and amusement of adults as well as children.  Indeed,
many of the exhibitions and entertainment features of carnivals
appropriate for adults would be inappropriate for children.  This,
we think, is at least one distinction which sets them apart from
each other.

You advise us that you have construed Article 7047, Subdivi-
sion 37, which levies a tax on persons keeping or using for profit
hobby horses and other riding devices, to mean that the tax should
be collected from all persons, firms or corporations owning, con-
trolling, or operating any hobby horse, roller coaster, whip air-
plane swing, doctor dippy, old mill, donkey trail, miniature rail-
road, ferris wheel or other device of like character, with or
without a name, and that the tax should be collected upon each and
every such device, unless under the management and connected with
a carnival.

Subsivision 37 of Article 7047, V.C.S., reads as follows:

"37.  Hobby horses, etc. - From all persons
keeping or using for profit any hobby horse, flying
jenny, or other device of that character, with or
without name, an annual tax of Twenty-Five Dollars
($25.00)."

We cannot agree with your interpretation of this subdivision as to how the tax is to be imposed.   It is our opinion that the tax levied by Subdivision 37 of Article 7047 is upon the person owning the "hobby Horses, etc." and not upon each device. Subdivision 37 levies the $25.00 tax on the individual, and the terms "hobby horse, flying jenny, or other device of that character" are merely definitive of the persons liable for payment of the tax. Our conclusion is substantiated by the following observations: (1) The tax levied by the article is an occupation tax, and not a tax on specific devices.   (2) The tax is to be collected "From all persons keeping or using for profit" the named devices.  This wording is equivalent to "From all persons who keep or use for profit", which clearly shows that the provision concerning the named devices is merely definitive of the occupation on which the tax is to be levied, and is not to be used to determine the amount of the tax.   (3)  There is no indication whatsoever that the tax is to be imposed on each device, but to the contrary, there is to be "From all persons . . . an annual tax of $25.00."

Therefore, you are respectfully advised that the tax contemplated by Subdivision 37 of Article 7047 is a flat rate tax of $25.00 per year upon the owners of such devices, and the tax so imposed is not to be affected by the number of devices owned by such person.

We would not be understood as holding that the tax imposed by Subdivision 37 is $25.00 for each owner of such devices regardless of the number of establishments owned.   The question of separate establishments is governed by the introductory provision of Article 7047, which provides that the tax is to be levied ". . . on every such occupation or separate establishment, . . ." Thus, if a person owned more than one establishment or stationary amusement park, the tax would be imposed on each establishment; but if such person owned only one park, only one tax would apply, regardless of the number of devices in the park.

## SUMMARY

The tax imposed by Article 7047, Subdivision 25(b) V. C. S., on carnivals does not apply to stationary amusement parks. The owners of such stationary amusement parks are taxed under Subdivision 37 of Article 7047, which levies an annual tax of $25.00 on all persons keeping or using for profit "hobby horses, flying jennies, or other devices of like character." This tax is $25.00 for each person owning such devices, the number of such devices owned being immaterial.

Yours very truly,

WILL WILSON
Attorney General

By
John H. Minton, Jr.
Assistant Attorney General

JHM:zt:rh

APPROVED:

OPINION COMMITTEE

By H. Grady Chandler
Chairman